W. M. SCOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. W. M. SCOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44705, 44706. Promulgated March 16, 1933.

*J. B. Allred, Esq.*, for the petitioners.
*Frank B. Schlosser, Esq.*, and *R. B. Cannon, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioners were members of a Texas marital community throughout the year 1926, as to which the respondent has asserted deficiencies against each of them in the amount of $489.29. Such deficiencies arise from the respondent's determination that an amount of $25,000 received by the petitioners for a ten-year lease of property owned by them to the Magnolia Petroleum Company was taxable income when received. The stipulated facts, which we incorporate by reference as our findings of fact, show that in 1926 the petitioners executed and delivered to the Magnolia Petroleum Company an oil and gas lease covering 5,000 acres of land

owned by them in fee in consideration of the payment to them of $25,000. The lease provided that such amount was payment not only as a bonus but in lieu of any and all delayed rentals usually provided for in oil and gas leases.

A bonus paid for an oil and gas lease is in effect an addition to the royalties or rentals already determined. It is really royalty or rental in a lump sum or down payment. *Work* v. *Mosier,* 281 U. S. 352. Every bonus paid for an undeveloped oil and gas lease is an advance rental at least to a certain extent. In the instant case the total $25,000 is in the nature of advanced rental, since there is no other rental provided for in the lease. The petitioners contend that it must be spread over the ten-year term of the lease. There is no merit in such contention whether their books are kept on a receipts and disbursements basis or on the accrual basis. A bonus received by a lessor of an oil lease is taxable income to the lessor. See *Burnet* v. *Harmel,* 287 U. S. 103, and *Murphy Oil Co.* v. *Burnet,* 287 U. S. 299. When the execution of an oil and gas lease is followed by production of oil, and bonus and royalties are paid to the lessor, both involve at least some return of the capital investment in the oil in the ground, for which a depletion allowance must be made. In the instant case the petitioner makes no claim for depletion and there are no facts in the stipulation which disclose that they are entitled to such deductions. The respondent's determination must be approved.

*Decision will be entered for the respondent.*